Case 1:04-cv-02334-REB-OES   Document 31-2   Filed 10/14/2005   Page 1 of 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **04-CV-2334-REB-OES**

**Sherwin-Williams Automotive Finishes Corp.**

Plaintiff,

v.

**Exotic Bodies by Jim, L.L.C.**

Defendants.

```
            F I L E D
   UNITED STATES DISTRICT COURT
        DENVER, COLORADO

       OCT 17 2005

GREGORY C. LANGHAM
                CLERK
          CC
```

---

## PROTECTIVE ORDER AND CONFIDENTIALITY STIPULATION

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefore, state the following:

1.      In this action, at least one of the Parties has sought and/or is seeking Confidential information (as defined in paragraph 3 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purposes of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

3.     "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, map, or copy made therefrom- not made available to the public and designated by one of the Parties in the manner provided in paragraph 4 below containing trade secret or other confidential research, development or commercial information, including, but not limited to information regarding the terms and/or negotiations of private business transactions between a Party to this action and an outside party.     For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection.

4.     Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

    (a)     By imprinting the word "Confidential" on the first page or cover of any document produced;

    (b)     By imprinting the word "Confidential" next to or above any response to a discovery request; and

    (c)     With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than FIFTEEN calendar days after receipt of the transcribed testimony.

Case 1:04-cv-02334-REB-OES   Document 31-2   Filed 10/14/2005   Page 3 of 11

5.      All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restriction:

     (a)      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

     (b)      It shall not be communicated or disclosed by any person described in Paragraph 7, in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed; and

     (c)      It shall have the names of any licensee or licensor completely redacted, protecting the identity of the parties to various licensing agreements that will be exchanged between the parties.

6.      With respect to Confidential Information in Depositions:

     (a)      A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the Confidential Information contained therein or if the provisions of paragraph 2(c) are complied with.

     (b)      Deponents shall not retain or copy portions of the transcript of their depositions that contain Confidential Information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this order before being examined about, or asked to produce, potentially confidential documents.

Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential Information within the deposition

Case 1:04-cv-02334-REB-OES   Document 31-2   Filed 10/14/2005   Page 4 of 11

transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: **"Confidential–Subject to Protection Pursuant to Court Order."** Until expiration of the 15–day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

7.      Notwithstanding paragraph 2, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the Confidential Information contained therein, and their agents; and to Court officials involved in this litigation (including Court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

      (a)      To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

      (b)      To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation

Case 1:04-cv-02334-REB-OES   Document 31-2   Filed 10/14/2005   Page 5 of 11

to a computerized litigation support system; to a designated representative of the party assisting in trial preparation; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and filed with the Court a form containing:

(1)     A recital that the signatory has read and understands this Order;

(2)     A recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of Court; and

(3)     A statement that the signatory consents to the exercise of personal jurisdiction by this Court.

(c)     Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least 10 days advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the 10–day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the proposed disclosure should not be permitted.

8.     Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential

Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

9.      The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

10.      During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 9 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure.   If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the court.

11.      Subject to the Federal Rules of Evidence, stamped confidential documents and other Confidential Information may be offered in evidence at trial or any Court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for any party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

12.    Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.  The inadvertent, unintentional, or *in camera* disclosure of confidential document and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

13.    If another Court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

14.    If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document.

15.    During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to this Protective Order.

16.    If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of the specific grounds for objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order.  Any motion for disclosure shall be filed within 14 days if receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

Case 1:04-cv-02334-REB-OES   Document 31-2   Filed 10/14/2005   Page 8 of 11

In the event it is necessary or the parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in a sealed envelope with the following statement typed conspicuously thereon:

> **This document is filed under seal. Unless otherwise ordered by the Court, it shall not be reproduced for, or shown to, persons other than those entitled to have access to such documents under the Protective Order entered on Civil Action No. 04-CV-2334-REB-OES**

Any pleadings or briefs filed by the parties that either quote or discuss the contents of information designated as Confidential Information shall also be filed in sealed form.

16. A party (or aggrieved entity permitted by the Court to intervene for such purpose) may apply to the Court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

17. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 7(b) and (c).

18. Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and

shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. [For purposes of this paragraph, the term "this litigation" includes other related litigation in which the producing person or company is a party.]

19.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

20.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

21.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extract, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

22.     Nothing this Protective Order shall preclude any Party form filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from a motion with respect to the manner in which Confidential Information shall be treated at trial.

          Dated at Denver, Colorado this _____ day of _____, 2005.

                                        BY THE COURT:

9

Case 1:04-cv-02334-REB-OES   Document 31-2   Filed 10/14/2005   Page 10 of 11

U.S. District Robert E. Blackburn

## PROTECTIVE ORDER TENDERED FOR REVIEW:

| | |
|---|---|
| **Markusson, Green & Jarvis, P.C.** | **Pelz & Associates, P.C.** |
| /s/ Bruce N. Shibles | /s/ Harlan P. Pelz |
| By:_____ | By:_____ |
| Dennis H Markusson | Harlan P. Pelz |
| Bruce N. Shibles | Daniele Bonifazi |
| 999 18th Street, Suite 3300 | 1873 South Bellaire Street, |
| Denver, Colorado 80202 | Suite 1401 |
| 303-572-4200 | Denver, Colorado 80222 |
| 303-595-3780 fax | 303-691-5600 |
| | 303-691-5606 fax |
| **ATTORNEYS FOR PLAINTIFF** | **ATTORNEYS FOR DEFENDANT** |

*A printed copy of this document with original signature is being maintained by each of the filing parties.

10

O. Edward Schlatter
U.S. Magistrate Schwartz Blackburn
United States Magistrate Judge
Denver, Colorado

PROTECTIVE ORDER TENDERED FOR REVIEW:

Markusson, Green & Jarvis, P.C.

By: /s/ Bruce N. Shibles
Dennis H Markusson
Bruce N. Shibles
999 18th Street, Suite 3300
Denver, Colorado 80202
303-572-4200
303-595-3780 fax

ATTORNEYS FOR PLAINTIFF

Pelz & Associates, P.C.

By: /s/ Harlan P. Pelz
Harlan P. Pelz
Daniele Bonifazi
1873 South Belaire Street,
Suite 1401
Denver, Colorado 80222
303-691-5600
303-691-5606 fax

ATTORNEYS FOR DEFENDANT

*A printed copy of this document with original signature is being maintained by each of the filing parties.